Argued and submitted September 29, 2017; reversed and remanded
October 2, 2019

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

CESAR ZAVALA HERNANDEZ,
*Defendant-Respondent.*

Washington County Circuit Court
C152457CR; A162396

449 P3d 878

The state appeals an order granting defendant's motion to suppress evidence found in defendant's car after his arrest for interfering with a peace officer. Defendant was arrested after he repeatedly reached under his dashboard during a traffic stop despite a peace officer's orders that he not do that. The trial court concluded that the search was not a valid search incident to arrest on the ground that the officer could not reasonably have believed that he would find evidence of the crime of arrest because he already had all evidence necessary to establish a *prima facie* case for interfering with a peace officer. On appeal, the state argues that the search was a valid search incident to arrest because the officer looked under the dashboard to determine defendant's motive for disobeying the order. *Held*: The trial court erred in granting defendant's suppression motion. It was reasonable for the officer to believe that evidence of defendant's motive would be concealed in the location where defendant reached, and evidence bearing on defendant's motive for disobeying the officer's orders was reasonably related to the crime of arrest. Therefore, the officer's search was a valid search incident to arrest.

Reversed and remanded.

Beth L. Roberts, Judge.

Leigh A. Salmon, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Erin J. Snyder-Severe, Deputy Public Defender, argued the cause for respondent. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

**ARMSTRONG, P. J.**

The state appeals an order granting defendant's motion to suppress evidence found in defendant's car following his arrest for interfering with a peace officer. Because we conclude that the officer's search was related to the crime of arrest and reasonable under the circumstances, we reverse and remand.

When reviewing a trial court's decision on a motion to suppress, we are bound by that court's factual findings "if there is constitutionally sufficient evidence in the record to support those findings." *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Under that standard of review, the facts are as follows.

Officer Mace stopped defendant for several traffic infractions. Defendant got out of his car after Mace stopped him, but he then sat back down in the driver's seat, leaving the door open. Because the car door remained open, Mace conducted the stop while standing in front of the "wedge" between the open door and the vehicle frame. During his interaction with Mace, defendant appeared extremely nervous; he misspelled his last name and told Mace that he had left his license in his truck, so he did not have it with him in the car that he was driving.

Mace also saw defendant reach several times beneath the dashboard of the car. Mace testified that defendant appeared to be reaching toward the area under the driver's side of the dashboard where the fuse box would be located. Fearing for his safety, Mace told defendant to stop reaching under the dash. Defendant responded that he was reaching for his license, which contradicted his earlier statement that he had left his license in a different vehicle. Less than a minute later, defendant quickly reached under the dash for a fourth and final time. At that point, Mace grabbed defendant before defendant's hand disappeared from view under the dashboard because he feared that defendant was reaching for a weapon.

Mace then removed defendant from the vehicle to arrest him for interfering with a peace officer and, with

the assistance of his partner, placed defendant against the side of the vehicle to handcuff him. While defendant was still pinned against the vehicle, Mace leaned in through the driver's side doorway and looked underneath the dash where defendant had been reaching. Mace saw a plastic baggie sticking out of the fuse box, which Mace retrieved. Inside the plastic baggie was a golf-ball-sized piece of methamphetamine.

After finding the methamphetamine in the vehicle, Mace called for a drug-detecting dog. The officer handling the dog testified that he obtained consent from defendant to conduct additional searches of the car; defendant testified to the contrary. During those searches, the officer discovered more methamphetamine and a backpack. The officer opened the backpack and discovered additional drugs and related paraphernalia. The backpack also contained a small safe, which the officer pried open. He found methamphetamine, cocaine, and a digital scale inside the safe.

Before trial, defendant moved to suppress all of the evidence discovered in the vehicle search on the ground that Mace's initial search under the dashboard was unlawful, and all subsequent searches were derivative of that unlawful initial search. The state argued that the initial search was lawful under the "search incident to arrest" exception to the warrant requirement because Mace was looking for evidence that was reasonably related to the arrest. The trial court granted defendant's motion, concluding that the initial search was not justified as a search incident to arrest because the officer already had all the evidence necessary for the crime of arrest, namely interfering with a peace officer.

On appeal, the state maintains that the search was permissible as a search incident to a lawful arrest. The state argues that Mace's search was permissible because he was looking for evidence that was related to the charged offense of interfering with a peace officer—specifically, Mace looked where defendant had been reaching to determine defendant's motive in continuing to reach under the dash after being ordered to stop doing that. Under ORS 162.247(1)(b), it is unlawful to refuse to obey a lawful order given by a

known peace officer.[1] Defendant argues that the search was not reasonable because any evidence for which the officer could have been looking was only minimally relevant to the crime of arrest.

We review for legal error a trial court's decision to grant a defendant's suppression motion. *Ehly*, 317 Or at 75. Here, we must determine whether Mace's search under the dash of defendant's car was a valid search incident to arrest under that exception to the warrant requirement embodied in Article I, section 9, of the Oregon Constitution. *See State v. Bridewell*, 306 Or 231, 235, 759 P2d 1054 (1988) (a warrantless search is *per se* unreasonable unless it "fall[s] within one of the few specifically established and carefully delineated exceptions to the warrant requirement"). Under that exception, officers may conduct a warrantless search incident to a defendant's arrest when (1) the search relates to the crime for which the officer has arrested the defendant or a crime for which the officer has probable cause to believe that the defendant has committed and (2) the search is reasonable under the totality of the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). There are three lawful reasons to conduct a search incident to arrest: "(1) to protect the officer's safety; (2) to prevent the destruction of evidence; and (3) to discover evidence of the crime of arrest." *State v. Washington*, 265 Or App, 532, 536, 335 P3d 877 (2014). However, if an officer has already secured the defendant before the search, then the only lawful justification for the search is to discover evidence related to the crime of arrest. *Id*.

Here, because defendant was secured when Mace searched under the dashboard, the only possible lawful justification for the search was to discover evidence related to the crime for which Mace had probable cause to arrest defendant—*viz.*, interfering with a peace officer by refusing to obey a lawful order, ORS 162.247(1)(b). The state contends that Mace was searching for evidence related to the crime

---

[1] ORS 162.247(1)(b) provides, as relevant:

"(1) A person commits the crime of interfering with a peace officer or parole and probation officer if the person, knowing that another person is a peace officer or a parole and probation officer * * *

"* * * * *

"(b) Refuses to obey a lawful order by the peace officer or parole and probation officer."

of arrest because he sought to find evidence of defendant's motive for ignoring the lawful order, *viz.*, evidence of the thing that defendant was reaching to obtain or hide. Defendant argues that such evidence would not be sufficient to justify a search incident to arrest because motive is "minimally relevant" to the crime of interfering with a peace officer.

We agree with the state that evidence of a defendant's motive for refusing to obey a lawful order is "reasonably related to" the crime of interfering with a peace officer. Adopting defendant's proposed standard would strictly limit police to searching only for evidence supporting the *prima facie* elements of the crime of arrest, which would be more restrictive than the "reasonably related to" standard identified in our case law for such searches. *See, e.g.*, *Owens*, 302 Or at 202. We conclude that evidence of defendant's motive is reasonably related to the crime of interfering with a peace officer because it indicates that defendant had a reason to disobey the lawful order. Evidence that defendant had a reason to disobey the order would tend to show that defendant knowingly and intentionally refused to obey Mace's order, or did reach under the dash. *See State v. Ruggles*, 238 Or App 86, 91, 242 P3d 643 (2010) (to violate ORS 162.247, the "person must *refuse* to obey the order, and that verb implies knowledge and intent (in contrast, for example, to *fail to obey*") (emphases in original)). That evidence would support the state's case against defendant by explaining defendant's actions and thereby tending to show that defendant had unlawfully refused to obey the order.

In *Fesler*, the defendant was stopped for a traffic violation and was taken into custody for driving with a suspended license and for providing a false name to the officer. *State v. Fesler*, 68 Or App 609, 611, 685 P2d 1014, *rev den*, 297 Or 547 (1984). The defendant's crime of arrest did not require the state to prove intent, but simply that the defendant acted "knowingly."[2] After placing the defendant in the

---

[2] The defendant in *Fesler* was convicted under *former* ORS 482.610(4), *repealed by* Or Laws 1983, ch 338, § 978, which provided:

"No person knowingly shall ***

"*****

"(4) Use or give a false or fictitious name, address, or date of birth to any police officer for any violation of the motor vehicle laws."

patrol car, the officer searched the defendant's vehicle for the defendant's wallet. *Id.* While searching the back seat, the officer discovered marijuana. *Id.* Even though possession of identification was not a necessary element of the defendant's crime of arrest, *viz.*, providing a false name to a police officer, we upheld the search as related to that offense for two reasons: The search would "serve to identify defendant" after he misled the officers about his identity, and, if the officers found that he had hidden his wallet before interacting with the police, then that "would further tend to show defendant's consciousness of guilt" and would help to explain his motive for giving a false name. *Id.* at 613. We determined that evidence bearing on the defendant's mental state was sufficiently "related to" the defendant's crime of arrest to justify a search incident to his arrest. *See State v. Smith*, 82 Or App 636, 640, 729 P2d 10 (1986), *rev den*, 302 Or 614 (1987) ("[In *Fesler*,] hiding the wallet would tend to show that the defendant knew that his license was suspended, which in turn would explain his motives for giving a false name.").

As in *Fesler*, we conclude that defendant's motive for reaching under the dashboard "tend[ed] to show" that he reached under the dash and knowingly disobeyed the officer's order, and evidence bearing on motive therefore was related to his crime of arrest. Because defendant's motive for reaching under the dashboard was "related to" his crime of interfering with a peace officer, it was "reasonable to believe that evidence" of defendant's crime of arrest could be found there, and Mace was permitted to search that area incident to defendant's arrest. *Owens*, 302 Or at 202.

Defendant also argues that the search exceeded the scope of the search-incident-to-arrest exception because the crime of interfering with a peace officer "ordinarily has neither instrumentalities nor fruits." *See id.* at 200 ("[I]f the person is arrested for a crime which ordinarily has neither instrumentalities nor fruits which could reasonably be concealed on the arrestee's person or in the belongings in his or her immediate possession, no warrantless search for evidence of that crime would be authorized as incident to that arrest."). The language from *Owens* on which defendant

relies was meant to highlight the larger point that the court was making in *Owens*: To initiate a search incident to arrest, "the arrest must be for a crime, evidence of which reasonably could be concealed on the arrestee's person or in the belongings in his or her immediate possession at the time of the arrest." *Id.* As discussed above, evidence of defendant's crime—specifically, evidence of his motive for disobeying Mace's order to stop reaching under the dash—"reasonably could be concealed" under the dash, which was located "in his * * * immediate possession." We do not agree with defendant's assertion that the crime of interfering with a police officer is a type of crime that would never justify conducting a search incident to arrest to find evidence of the arrestee's crime. Instead, we consider the specific circumstances surrounding Mace's search of defendant's car to determine whether it was reasonable to believe that evidence reasonably related to the crime of arrest could be concealed in the location being searched. *Id.* at 202 ("The test [for validity of a search incident to arrest] is the reasonableness of the search in light of the circumstances of the particular case.").

A search that is related to the crime of arrest must still be reasonable under the totality of the circumstances. *Id.* In particular, a search must be reasonable in time, scope, and intensity. *Washington*, 265 Or App at 537. A search is reasonably limited in time when it occurs shortly after the arrest. *See State v. Zigler*, 100 Or App 700, 704-05, 788 P2d 484 (1990) (upholding a search performed 45 minutes after arrest when officer performed "necessary and appropriate tasks in the interim"). A search is reasonably limited in scope and intensity when it is confined to the area that was in the immediate control of the defendant at the time of the arrest and extends only to places where evidence of the crime of arrest reasonably could be concealed. *Washington*, 265 Or App at 537.

Here, Mace searched the area under the dashboard seconds after arresting defendant. The search was limited in scope and intensity because Mace searched only the specific area that had been within defendant's reach at the time of arrest and that likely contained evidence of defendant's motive for reaching under the dashboard. As such,

that search was reasonable under the totality of the circumstances and was a valid search incident to arrest. Hence, the trial court erred in granting defendant's motion to suppress.

Reversed and remanded.